IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KERRY K. LONG, | ) | CIVIL NO. 10-00359 JMS/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART |
| | ) | AND DENYING IN PART |
| vs. | ) | DEFENDANT DEUTSCHE BANK |
| | ) | NATIONAL TRUST COMPANY, |
| DEUTSCHE BANK NATIONAL | ) | AS TRUSTEE FOR SOUNDVIEW |
| TRUST COMPANY AS TRUSTEE | ) | HOME LOAN TRUST 2006 WF-1 |
| FOR SOUNDVIEW HOME LOAN | ) | AND WELLS FARGO BANK |
| TRUST 2006 WF-1; WELLS FARGO | ) | N.A.'S MOTION FOR JUDGMENT |
| BANK N.A.; and DOES 1-20, inclusive, | ) | ON THE PLEADINGS, AND |
| | ) | GRANTING LEAVE TO AMEND |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2006 WF-1 AND WELLS FARGO BANK N.A.'S MOTION FOR JUDGMENT ON THE PLEADINGS, AND GRANTING LEAVE TO AMEND

## I. INTRODUCTION

On June 29, 2010, Plaintiff Kerry K. Long ("Plaintiff") filed this

action alleging claims against Defendants Deutsche Bank National Trust Company,

as Trustee for Soundview Home Loan Trust 2006 WF-1 ("Deutsche Bank"), and

Wells Fargo Bank ("WFB") (collectively, "Defendants") for violations of the Truth

in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Real Estate Settlement

Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and various state

law claims stemming from a mortgage transaction concerning real property located at 15-144, 31st Avenue, Keeau, Hawaii 96749 (the "subject property").

Defendants have filed a Motion for Judgment on the Pleadings, arguing that the Complaint fails to state a cognizable claim. Based on the following, the court GRANTS in part and DENIES in part Defendants' Motion, with Plaintiff's fraud claim remaining. The court further GRANTS LEAVE for Plaintiff to file an Amended Complaint.

## II. BACKGROUND

### A. Factual Background

As alleged in the Complaint, Plaintiff entered into a mortgage refinancing transaction on July 5, 2006 with "WFB and/or Doe Defendants" regarding the subject property. Compl. ¶¶ 15-16. The Complaint alleges that "WFB and/or Doe Defendants" committed various wrongs during consummation of this loan, including, among other things: (1) entering "stated income" on the loan application that exceeded Plaintiff's actual income and/or approving the loan without verifying Plaintiff's income, *id.* ¶¶ 18-19; (2) "fail[ing] to make required disclosures so that [Plaintiff] could make fully informed decisions," *id.* ¶ 22; (3) when the loan documents were executed, giving Plaintiff documents to sign without explanation and with no time to read them, *id.* ¶¶ 24-25; (4) providing

Plaintiff copies of various Mortgage and Note documents that were not signed by Plaintiff, *id.* ¶ 27; and (5) failing to provide Plaintiff copies of the mortgage and note documents, including a signed copy of the Truth-in-Lending Disclosure Statement. *Id.* ¶¶ 28-29.

As to Deutsche Bank, the Complaint does not explain in any comprehensible manner why it is named as a Defendant in this action and its role in any of the allegations in the Complaint. From what the court can glean, however, it appears that Deutsche Bank was subsequently assigned the note and mortgage.

**B.    Procedural Background**

On June 29, 2010, Plaintiff filed his Complaint, alleging claims against Defendants entitled (1) Truth in Lending Act Violations: Loan Rescission and Recoupment (Count I); (2) Truth in Lending Act Violations: Loan Damages (Count II); (3) Real Estate Settlement Procedures Act "RESPA" Violations (Count III); (4) Unfair or Deceptive Acts or Practices (Count IV); (5) Fraud (Count V); (6) Civil Conspiracy (Count VI); (7) Aiding and Abetting (Count VII); (8) Injunctive Relief -- Lack of Standing (Count VIII); (9) Improper Restrictions Resulting from Securitization Leaves Note and Mortgage Unenforceable (Count 9); (10) Wrongful Conversion of Note -- Mortgagor Never Contested to

Securitization (Count X); and (11) Fraudulent Concealment -- Tolling of Statute (Count XI).

On April 7, 2011, Defendants filed their Motion for Judgment on the Pleadings. Plaintiff filed an Opposition on June 9, 2011, and Defendants filed a Reply on June 20, 2011. Pursuant to Local Rule 7.2(d), the court determines Defendants' Motion without a hearing.

### III. <u>STANDARDS OF REVIEW</u>

**A.      Motion for Judgment on the Pleadings**

A party may make a motion for judgment on the pleadings at any time after the pleadings are closed, but within such time as not to delay the trial. Fed. R. Civ. P. 12(c). In considering a Rule 12(c) motion, the court accepts as true all factual allegations in the pleading being challenged, and construes them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). A motion for judgment on the pleadings should be granted when there are no disputed issues of material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

The standards for dismissal pursuant to Rule 12(b)(6) articulated in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), apply to a Rule 12(c) motion. *See United States ex rel. Cafasso v. General Dynamics C4 Systems, NVW Inc.*, 637

F.3d 1047, 1054 n.4 (9th Cir. 2011).  Accordingly, pursuant to *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions."  *Iqbal*, 129 S. Ct. at 1949.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief.  *Id.* at 1950.

**B.     Federal Rule of Civil Procedure 9(b)**

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  "Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud."  *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541,

5

1547-48 (9th Cir. 1994) (en banc) (emphasis in original), *superseded on other grounds by* 15 U.S.C. § 78u-4.

"[M]ere conclusory allegations of fraud are insufficient" to satisfy this requirement. *Id.* (citation and quotation signals omitted). However, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b); *see also In re GlenFed, Inc. Sec. Litig*, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir. 1973) (Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Hearns v. Terhune*, 413 F.3d 1036, 1043 (9th Cir. 2005) (citation omitted).

# IV. <u>DISCUSSION</u>

Defendants seek dismissal of all Counts of the Complaint for failure to state a claim upon which relief can be granted.  The court addresses each Count of the Complaint in turn.[1]

## A.    Truth in Lending Act Violations: Loan Rescission and Recoupment (Count I)

The Complaint asserts that Plaintiff is entitled to rescission of the loan transaction because WFB failed to deliver to Plaintiff two signed copies of the notice of the right to rescind.  Compl. ¶¶ 37, 41.

Plaintiff's claim for rescission pursuant to TILA is time-barred.  The right to rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first[.]"  15 U.S.C. § 1635(f).  Section 1635(f) is an absolute statute of repose barring "any [TILA rescission] claims filed more than three years after the consummation of the transaction."  *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir.

---

[1] In his Opposition, Plaintiff asserts several new allegations, as well as claims for violations of the Fair Credit Reporting Act, the Equal Credit Opportunity Act, the Fair and Accurate Credit Transactions Act, and the Credit Repair Organizations Act.  *See* Pl.'s Opp'n at 12-13, 27-30.  The Complaint, however, includes absolutely no allegations or claims based on these laws and the court will not consider new allegations and/or claims raised for the first time in an Opposition.  The court therefore limits its analysis to the claims alleged in the Complaint.  If Plaintiff wishes to file an Amended Complaint asserting these claims, Plaintiff must comply with Federal Rule of Civil Procedure 15.  In other words, this Order does not grant Plaintiff leave to file an Amended Complaint asserting claims raised for the first time in Plaintiff's Opposition.

2002) (citing *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986)).  As such, the

three-year period is not subject to equitable tolling.  *See Beach v. Ocwen Fed.*

*Bank*, 523 U.S. 410, 412 (1998) (stating that "§ 1635(f) completely extinguishes

the right of rescission at the end of the 3-year period," even if a lender failed to

make the required disclosures).  Plaintiff entered into the loan transaction in July

2006, and did not bring this action until almost four years later in June 2010.

Plaintiff's claim for TILA rescission therefore fails as barred by the statute of

limitations.

Accordingly, the court DISMISSES Plaintiff's TILA claim for

rescission without leave to amend.

**B.      Truth in Lending Act Violations: Loan Damages (Count II)**

The Complaint also seeks damages for Defendants' alleged TILA

violations.  Compl. ¶ 46.

Any claim for damages under TILA must be brought "within one year

from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  For

violations of TILA's disclosure requirements, this one-year period generally begins

to run from the date of consummation of the loan.  *King*, 784 F.2d at 915.

Equitable tolling may nonetheless apply in certain circumstances:

> [T]he limitations period in Section 1640(e) runs from the
> date of consummation of the transaction but . . . the

8

doctrine of equitable tolling may, in the appropriate
circumstances, suspend the limitations period until the
borrower discovers or had reasonable opportunity to
discover the fraud or nondisclosures that form the basis
of the TILA action. Therefore, as a general rule, the
limitations period starts at the consummation of the
transaction. The district courts, however, can evaluate
specific claims of fraudulent concealment and equitable
tolling to determine if the general rule would be unjust or
frustrate the purpose of the Act and adjust the limitations
period accordingly.

*Id.* Where the basis of equitable tolling is fraudulent concealment, it must be pled

with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *389*

*Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999).

Plaintiff entered into the mortgage loan transaction in July 2006.

Accordingly, Plaintiff's TILA claim for damages is time-barred unless equitable

tolling applies -- it was brought almost four years after consummation of the loan

transaction. Although the Complaint in conclusory fashion asserts that fraudulent

concealment occurred, Compl. ¶ 107, the Complaint pleads no facts indicating that

any Defendant prevented Plaintiff from discovering the alleged TILA violation or

caused Plaintiff to allow the filing deadline to pass. *See, e.g.*, *O'Donnell v. Vencor*

*Inc.*, 466 F.3d 1104, 1112 (9th Cir. 2006) ("Equitable tolling is generally applied in

situations 'where the claimant has actively pursued his judicial remedies by filing a

defective pleading during the statutory period, or where the complainant has been

induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'") (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Without any factual allegations that support the inference that Plaintiff did not have a reasonable opportunity to discover the TILA violations, the Complaint does not support tolling the statute of limitations. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (granting leave to amend complaint to allege lack of reasonable notice to establish diligence where the facts alleged did not foreclose lack of reasonable notice as a matter of law); *see also Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902-03 (9th Cir. 2003) (rejecting argument for equitable tolling of the TILA claim because plaintiff was in full possession of all loan documents and did not allege any actions that would have prevented discovery of the alleged TILA violations).

In opposition, Plaintiff asserts that he was "tricked" by Defendants into letting the filing date pass. Pl.'s Opp'n at 22-23. No such allegations appear in the Complaint. But even if they did, they appear irrelevant -- such allegations do not address how Plaintiff was tricked by Defendants into allowing the filing deadline to pass. Instead, Plaintiff simply alleged that WFB committed various wrongs during the loan transaction.

Accordingly, Plaintiff's TILA claim for damages is DISMISSED with

leave to amend.

## C.    Real Estate Settlement Procedures Act "RESPA" Violations (Count III)

The Complaint asserts that Defendants violated RESPA by failing to
provide Plaintiff a signed, dated, and timely Good Faith Estimate.  Compl. ¶¶ 48-
49.  As this court has already explained, however, *see Araki v. One West Bank
FSB*, 2010 WL 5625969, at *8 (D. Haw. Sept. 8, 2010), "there is no private right of
action under RESPA for such a violation." (citing *Collins v. FMHA-USDA*, 105
F.3d 1366, 1367-68 (11th Cir. 1997) ("[T]here is no private civil action for a
violation of 12 U.S.C. § 2604(c), or any regulations relating to it."); *Valdez v.
Flexpoint Funding Corp.*, 2010 WL 3001922, at *10 (D. Haw. July 30, 2010);
*Pressman v. Meridian Mortg. Co.*, 334 F. Supp. 2d 1236, 1242 n. 4 (D. Haw.
2004).  Accordingly, Plaintiff's RESPA claim fails.

In opposition, Plaintiff asserts that once discovery is completed he
believes he will be able to show that he sent a qualified written request to the
"lender or its agent" asking for several documents, and that the "lender" failed to
provide this information.  Pl.'s Opp'n at 20.[2]  Plaintiff further argues that he has

---

[2]  Plaintiff also asserts additional alleged bad acts by Defendants, which similarly are not
included in the Complaint.  To the extent Plaintiff believes he can assert other violations of
RESPA, he should be aware that in general, only three sections of RESPA create a private right
of action: (1) 12 U.S.C. § 2605 requiring disclosure to a loan applicant of whether the servicing
of the loan may be assigned, sold or transferred; notice to the borrower at the time of transfer;

(continued...)

alleged a violation of 12 U.S.C. § 2605, which requires disclosure to a loan

applicant of whether the servicing of the loan may be assigned, sold or transferred;

notice to the borrower at the time of transfer; and responses by the loan servicer to

qualified written requests by the borrower.  No such allegations, however, are

included in the Complaint.

Further, to the extent Plaintiff asserts a RESPA violation concerning

events that occurred during consummation of the mortgage loan, the statute of

limitations for a RESPA claim is either one or three years from the date of the

violation, depending on the type of violation.  Specifically, 12 U.S.C. § 2614

provides:

> Any action pursuant to the provisions of section 2605,
> 2607, or 2608 of this title may be brought in the United
> States district court or in any other court of competent
> jurisdiction, for the district in which the property
> involved is located, or where the violation is alleged to
> have occurred, within 3 years in the case of a violation of
> section 2605 of this title and 1 year in the case of a
> violation of section 2607 or 2608 of this title from the
> date of the occurrence of the violation . . . .

While the Ninth Circuit has not addressed the precise issue, this court has found

---

[2](...continued)
and responses by the loan servicer to qualified written requests by the borrower; (2) 12 U.S.C.
§ 2607 prohibiting kickbacks for real estate settlement services; and (3) 12 U.S.C. § 2608
prohibiting sellers from requiring buyers to use a specific title insurer as a condition of its sale.
*See also Padilla v. One West Bank*, 2010 WL 5300900, at *5 (N.D. Cal. Dec. 20, 2010); *Glover
v. Fremont Inv. & Loan*, 2009 WL 5114001, at *5 (N.D. Cal. Dec. 18, 2009).

that equitable tolling may apply to a RESPA claim. *See, e.g.*, *Amina v. WMC Mortg. Corp.*, 2011 WL 1869835, at *8 (D. Haw. May 16, 2011); *Sakugawa v. IndyMac Bank, F.S.B.*, 2010 WL 4909574, at *4 (D. Haw. Nov. 24, 2010); *see also McGinley v. Am. Home Mortg. Servicing, Inc.*, 2010 WL 4065826, at *7 (W.D. Wash. Oct. 15, 2010); *Palestini v. Homecomings Fin., LLC*, 2010 WL 3339459, at *4 (S.D. Cal. Aug. 23, 2010); *Bonner v. Select Portfolio Servicing, Inc.*, 2010 WL 2925172, at *12 (N.D. Cal. July 26, 2010).

As stated above for Plaintiff's TILA claim for damages, Plaintiff brought this action well past either the one- or three-year statute of limitations for RESPA violations and the Complaint includes no allegations suggesting that equitable tolling may apply. The court therefore DISMISSES Plaintiff's RESPA claim with leave to amend.

## D.     Fraud (Count V)

Count V of Plaintiff's Complaint regarding fraud alleges:

64.     Defendants DBANK, WFB, and/or DOE Defendants falsely represented the true costs and risks of the described loan and its inappropriateness for LONG.

65.     Said Defendants falsely represented the amount of LONG's income and source of income on the loan application it prepared.

66.     Said Defendants falsely represented the nature of the documents LONG was told to sign in connection with

13

the loan.

> 67.    Said Defendants made the false representations
> described herein with knowledge of their falsity.

> 68.    Said Defendants made false representations in
> contemplation of LONG's reliance upon them.

> 69.    LONG relied upon those false representations and
> suffered damage as a result of LONG's reliance upon
> them.

> 70.    Said Defendants acted wantonly or oppressively or
> with such malice as implies a spirit of mischief or
> criminal indifference to civil obligations, or its [sic]
> actions constituted willful misconduct or that entire want
> of care which raises the presumption of a conscious
> indifference to consequences to LONG.

Compl. ¶¶ 64-70.

The court finds that these allegations are sufficient to assert a fraud claim against WFB for "falsely represent[ing] the amount of LONG's income and source of income on the loan application it prepared."  Compl. ¶ 65; *see also id.* ¶ 18 (asserting that WFB "without LONG's understanding, knowledge, consent and authority entered 'stated income' on the loan application that exceeded the actual income of LONG").  Although these allegations could be pled with more particularity, they are sufficient to provide time, place, and nature of the alleged fraud, and how WFB participated in this alleged fraud.  *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547-48.

14

The remaining allegations, however, are insufficient to meet Plaintiff's burden under Rule 8, much less the more rigorous requirements of Rule 9 that apply to these claims. *See* Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake). The other allegations lack the basic elements of a fraud claim, and fail to assert "particularized allegations of the circumstances *constituting* fraud" such as the time, place, and nature of the alleged fraud, and how each Defendant participated in the fraud. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547-48; *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (stating that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants).

As to the allegations the court dismisses, Plaintiff argues that he should be "allowed some latitude" in pleading because he is significantly disadvantaged when it comes to accessing important/critical documents and information concerning" the fraud and needs discovery to learn more specific information. Pl.'s Opp'n at 32. The court rejects this argument -- Plaintiff bases the fraud claim on misrepresentations made during consummation of the loan; certainly Plaintiff can identify who he entered into the mortgage with and how each Defendant made misrepresentations to him in that process.

The court therefore GRANTS in part and DENIES in part Defendants' Motion as to Count V -- Plaintiff has asserted a fraud claim against WFB based on the falsification of Plaintiff's stated income, but the remaining allegations fail to meet the heightened pleading requirements of Rule 9(b). Plaintiff is granted leave to amend as to the dismissed fraud allegations.

**E.     Unfair or Deceptive Acts or Practices (Count IV)**

Defendants argue that Plaintiff has failed to adequately allege facts establishing the plausibility of a claim for unfair or deceptive trade practices in violation of HRS Ch. 480.  The court agrees.

Paragraph 55 of Complaint alleges that Defendants violated § 480-2 by:

> 1.     Targeting financially unsophisticated and otherwise vulnerable consumers for inappropriate credit products.
>
> 2.     Failing to adequately disclose the true costs and risks of the subject loan and its inappropriateness for LONG.
>
> 3.     Making a refinance loan that resulted in little net economic benefit to LONG with the primary objective of generating fees.
>
> 4.     Making the loan based on the value of the collateral, without regard to LONG's ability to repay the loan.

> 5. Failing to provide LONG with a timely Good Faith Estimate "GFE".
>
> 6. Attempting to deprive LONG of his legal right to cancel the loan.

Compl. ¶ 55.

These allegations fail to state a plausible claim because they must be pled with particularity under Rule 9(b). Specifically, where a Chapter 480 claim is based on fraudulent acts, a plaintiff must plead with particularity. *See Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1232-33 (D. Haw. 2010) (relying on *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009), to find that HRS Ch. 480 claims that sound in fraud must be pled with particularity). As pled, at least some of Plaintiff's allegations in support of his Chapter 480 claim sound in fraud -- he asserts Defendants' conduct is "immoral, unethical, oppressive, [and] unscrupulous," as well as "likely to mislead consumers acting reasonably under the circumstances." Compl. ¶¶ 58-59. Given these assertions, at least part of Plaintiff's claim must sound in fraud, but the actual allegations as to Defendants' conduct are so vague that the court cannot determine what acts Plaintiff alleges are fraudulent.[3] None of the allegations asserts "particularized allegations of the

---

[3] Unlike his fraud claim, Plaintiff did not assert as to his § 480-2 claim that WFB falsely represented the amount of Plaintiff's income and source of income on the loan application it prepared. Given that Plaintiff specifically made this allegation as to his fraud claim and not as to

(continued...)

circumstances *constituting* fraud" such as the time, place, and nature of the alleged fraud, and how each Defendant participated in the fraud. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547-48. That is, Plaintiff's allegations appear to sound at least partly in fraud, yet fail to meet Rule 9(b)'s particularity requirement.

The court therefore GRANTS Defendants' Motion as to Count IV. The dismissal of this claim, however, is without prejudice. If Plaintiff chooses to amend this claim, Plaintiff must clearly explain the basis of this claim, and if based on fraud must meet the particularity requirements of Rule 9(b).

## F.    Civil Conspiracy (Count VI), and Aiding and Abetting (Count VII)

Count VI alleges that "Defendants DBANK, WFB and/or DOE Defendants entered into an agreement to accomplish an unlawful purpose, or to accomplish some purpose not itself unlawful by lawful means, in connection with the described loan transaction," and "engaged in overt acts pursuant to and in furtherance of the described agreement, including but not limited to making the false representations set forth" in the claim for fraud. Compl. ¶¶ 73-75. Count VII alleges that each Defendant "aided each other" in their wrongful conduct. *Id.* ¶ 79.

These allegations are insufficient to assert either a claim for civil

---

[3](...continued)
his § 480-2 claim, it appears that Plaintiff did not intend to include such allegation in his § 480-2 claim.

conspiracy or aiding and abetting. In general, Hawaii does not recognize

independent causes of action for civil conspiracy or aiding and abetting -- such

theories of potential liability are derivative of other wrongs. *See, e.g.*, *Weinberg v.*

*Mauch*, 78 Haw. 40, 49, 890 P.2d 277, 286 (1995); *Chung v. McCabe Hamilton &*

*Renny Co.*, 109 Haw. 520, 530, 128 P.3d 833, 843 (2006). As explained above, the

only claim that survives Defendants' Motion to Dismiss is Plaintiff's fraud claim

against WFB based on the falsification of Plaintiff's stated income. But the

Complaint includes no allegations explaining how Deutsche Bank -- who did not

participate in the loan transaction and was a subsequent assignee -- either aided and

abetted or conspired with WFB to falsify Plaintiff's stated income. Indeed, the

allegations in these Counts are wholly conclusory, failing to explain any actions by

Defendants that indicate that they aided and abetted each other and/or formed a

civil conspiracy regarding the falsification of Plaintiff's income. *See Swartz v.*

*KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened

pleading requirements where the object of the conspiracy is fraudulent." (citation

and internal quotations omitted)).

   The court therefore GRANTS Defendants' Motion as to Counts VI

and VII with leave to amend.

**G.     Injunctive Relief - Lack of Standing (Count VIII)**

Count VIII "seek[s] to restrain Defendants DBANK and/or DOE Defendants from seeking a non-judicial sale upon the subject property during the pendency of this action."  Compl. ¶ 83.  It alleges that "Defendant DBANK and/or DOE Defendants are not the real party in interest" -- apparently because they are not the owner and holder of the note -- and therefore "lack standing to institute or maintain a foreclosure."  *Id.* ¶¶ 84, 88.

The court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action.  *See, e.g.*, *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action"); *Henke v. Arco Midcon, L.L.C.*, 750 F. Supp. 2d 1052, 1059-60 (E.D. Mo. 2010) ("Injunctive relief, however, is a remedy, not an independent cause of action."); *Plan Pros, Inc. v. Zych*, 2009 WL 928867, at *2 (D. Neb. Mar. 31, 2009) ("[N]o independent cause of action for injunction exists."); *Motley v. Homecomings Fin., LLC*, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008) (same).  Injunctive relief may be available if Plaintiff is entitled to such a remedy on an independent cause of action.

Accordingly, the court DISMISSES Count VIII without leave to amend.  If injunctive relief is proper, it will be because Plaintiff prevails -- or has

met the necessary test for such relief under Rule 65 of the Federal Rules of Civil Procedure -- on an independent cause of action.

## H.     Improper Restrictions Resulting from Securitization Leaves Note and Mortgage Unenforceable (Count IX)

Count IX alleges that (1) the mortgage is a security agreement and may not be modified by one party without written consent of the other; and (2) Defendant unilaterally changed the terms of Plaintiff's mortgage when the mortgage was placed under a servicing and pooling agreement, which restricts the ability of parties to change the terms of the mortgage note.  Compl. ¶¶ 92-97. Because Plaintiff did not consent to these changes, Count IX asserts that the mortgage and note are unenforceable.  *Id.* ¶ 98.

The legal basis of this claim is not clear.  As explained in *Velez v. Bank of N.Y. Mellon*, 2011 WL 572523, at *3 (D. Haw. Feb. 15, 2011), to the extent Plaintiff is attempting to assert that the parties agreed that the mortgage and/or note would not be securitized and Defendants breached this provision, Plaintiff has failed to allege even the basic elements of a breach of contract claim, much less factual allegations to support this claim.  *See Iqbal*, 129 S.Ct. at 1949 (stating that Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

Moreover, securitization in general does not give rise to a cause of action -- Plaintiff points to no law or provision in the mortgage preventing this practice, and otherwise cites to no law indicating that securitization can be the basis of a cause of action. Indeed, other courts have likewise rejected that securitization of a mortgage loan provides the mortgagor a cause of action. *See Joyner v. Bank of Am. Home Loans*, 2010 WL 2953969, at *2 (D. Nev. July 26, 2010) (rejecting breach of contract claim based on securitization of loan); *Haskins v. Moynihan,* 2010 WL 2691562, at *2 (D. Ariz. July 6, 2010) (rejecting claims based on securitization because Plaintiffs could point to no law indicating that securitization of a mortgage is unlawful, and "Plaintiffs fail to set forth facts suggesting that Defendants ever indicated that they would not bundle or sell the note in conjunction with the sale of mortgage-backed securities"); *Lariviere v. Bank of N.Y. as Tr.*, 2010 WL 2399583, at *4 (D. Me. May 7, 2010) ("Many people in this country are dissatisfied and upset by [the securitization] process, but it does not mean that the Larivieres have stated legally cognizable claims against these defendants in their amended complaint."); *Upperman v. Deutsche Bank Nat'l Trust Co.*, 2010 WL 1610414, at *3 (E.D. Va. Apr. 16, 2010) (rejecting claims because they are based on an "erroneous legal theory that the securitization of a mortgage loan renders a note and corresponding security interest unenforceable

and unsecured"); *Silvas v. GMAC Mortg., LLC*, 2009 WL 4573234, at *5 (D. Ariz. Dec. 1, 2009) (rejecting a claim that a lending institution breached a loan agreement by securitizing and cross-collateralizing a borrower's loan).

The court therefore GRANTS Defendants' Motion as to Count IX. Because any amendment of this "securitization" claim would be futile, this dismissal is without leave to amend.[4]

## I.   Wrongful Conversion of Note -- Mortgagor Never Consented to Securitization (Count X)

The court also agrees with Defendants that Count X fails to state a claim.  Count X asserts that Defendants needed Plaintiff's consent to securitize the mortgage and that its securitization "is a conversion of the Mortgage rendering it null, void and unenforceable."  Compl. ¶ 100.  According to the Complaint, securitization "divides those who are at a financial risk of loss (the investors or certificate holders) from a default upon the Mortgage from those who control and have decision-making authority over the Mortgage" such that "the original Note has been altered resulting in a change to the Mortgage" without consent.  *Id.* ¶¶ 102-03.  As a result, the Complaint asserts that the "Mortgage cannot be foreclosed upon as a separate interest in the property to be foreclosed apart from

---

[4]  The court need not speculate whether these facts might possibly give rise to some other cognizable theory allowing for possible relief.  A further claim, however, that securitization itself renders the mortgage or note unenforceable would be futile.

and independent of the Note." *Id.* ¶ 104.

As the court explained in *Velez*, 2011 WL 572523, at *4-5, the court is unable to discern the basis of the claim. Despite using the term "conversion," this claim, similar to Count IX, appears to allege a breach of contract due to a modification of the mortgage through securitization. As explained above, however, Plaintiff has failed to assert a breach of contract claim and have otherwise failed to explain how he can assert a viable claim based on the securitization of the mortgage loan.

Accordingly, Count X is DISMISSED with prejudice.

## J.    Fraudulent Concealment -- Tolling of Statute (Count XI)

The Complaint asserts that Defendants "fraudulently misrepresented [t]he terms of LONG's loan and mortgage" such that the court should "evaluate claims of fraudulent concealment for equitable tolling purposes by extending the time for which LONG may bring rescission or claims against Defendants." Compl. ¶¶ 106-07. These allegations are not an independent claim, but rather an argument for why certain claims above should not be found time-barred. As explained above, however, Plaintiff has not adequately pled any basis to toll the statute of limitations. Accordingly, to the extent the Complaint contains a claim for "fraudulent concealment," it is dismissed with prejudice. To the extent Plaintiff

relies upon fraudulent concealment to toll the statute of limitations as to a particular claim, he should plead such facts as to that claim and not attempt to state a separate cause of action.

## V. <u>CONCLUSION</u>

Based on the above, the court GRANTS in part and DENIES in part Defendants' Motion for Judgment on the Pleadings. Remaining in this action is Plaintiff's fraud claim against WFB for falsely representing the amount of Plaintiff's income and source of income on the loan application it prepared.

If Plaintiff so chooses, he may file an Amended Complaint, consistent with this Order, by July 26, 2011. Plaintiff is further notified that an Amended Complaint supersedes the Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the court will treat the Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint is waived if it is not raised in the Amended Complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Thus, if Plaintiff chooses to file an Amended Complaint, he must also re-allege his fraud claim against WFB (sufficient to comply with Rules 8, 9(b), and 12(b)(6)).

If Plaintiff fails to file an Amended Complaint by July 26, 2011, this

action will proceed against WFB on Plaintiff's fraud claim only.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 5, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Long v. Deutsche Bank Nat'l Trust Co. as Trustee for Soundview Home Loan Trust 2006 WF-1 et al.*, Civ. No. 10-00359 JMS/KSC, Order Granting in Part and Denying in Part Defendant Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006 WF-1 and Wells Fargo Bank N.A.'s Motion for Judgment on the Pleadings, and Granting Leave to Amend